FILED

FEB 2 9 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name ___Turner_____Ishmael_____Z._____
      (Last)                       (First)                  (Initial)

Prisoner Number ___H-49812_____

Institutional Address ___San Quentin State Prison, San Quentin Ca 94974___

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 08 1226

___Ishmael Zakat Turner_____

Full Name of Petitioner             Case No.(To be provided by the
                                 clerk of court)

(PR)

vs.

___Warden of San Quentin_____
                       PETITION FOR A WRIT OF HABEAS CORPUS

Name of Respondent
(Warden or jailor)

Read Comments Carefully Before Filling In

### When and Where to File

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

## Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

## A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

        The sentence of incarceration.
        (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

| San Mateo County Superior Court | Redwood City |
|---|---|
| Court | Location |

(b) Case number, if known __C-28824-01__

(c) Date and terms of sentence __09/18/92,__   __76.6 years__

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) (Yes)   No

| Where? San Quentin State Prison | San Quentin, Ca. 94974 |
|---|---|
| (Name of Institution) | (Address) |

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

    Sexual Assault in Concert;  264.1/261(a)(2), 286(d), 664/288a(d), 288a(d)

3. Did you have any of the following?

Arraignment: Yes _X_ No ___   Preliminary Hearing: Yes _X_ No ___  Motion to Suppress: Yes ___ No _X_

3

4.   How did you plead?

Guilty _____   Not Guilty ___x___   Nolo Contendere _____

Any other plea (specify) _____

5    If you went to trial, what kind of trial did you have?

Jury __x___   Judge alone _____   Judge alone on a transcript _____

6.   Did you testify at your trial?  Yes x  No __

7.   Did you have an attorney at the following proceedings:

(a)   Arraignment   Yes x          No __
(b)   Preliminary hearing          Yes x          No __
(c)   Time of plea   Yes x          No _
(d)   Trial   Yes x   No __
(e)   Sentencing   Yes x          No __
(f)   Appeal          Yes x          No
(g)   Other post-conviction proceeding    Yes __          No x

8.   Did you appeal your conviction?   Yes x  No __

(a)   If you did, to what court(s) did you appeal?

| | | | (Year) | (Result) |
|---|---|---|---|---|
| Court of Appeal | Yes x | No __ | 1994 | Affirmed |
| Supreme Court of California | Yes x | No __ | 1994 | Denied Review |
| Any other court | Yes __ | No x | | |

(b)   If you appealed, were the grounds the same as those that you are raising in this petition?          Yes __  No x

(c)   Was there an opinion?    Yes x   No

(d)   Did you seek permission to file a late appeal under Rule 31(a)?
                    Yes          No x

If you did, give the name of the court and the result:

---

9.     Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?     Yes  **x**     No __

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a)     If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court __**Superior Court of San Mateo**__

Type of Proceeding __**Habeas Corpus Petition**__

Grounds raised (Be brief but specific):

a.    __**Sentence imposed by court was unconstitutional and exceeds maximum.**__

b.    __**Sentencing court abused discretion by sentencing to consecutive terms.**__

c.    _____

d.    _____

Result __**Denied (See Attached Exhibit #2)**__   Date of Result __**05/24/07**__

II.   Name of Court __**Court of Appeal, State of California, First Appellate Dist.**__

Type of Proceeding __**Same as above (Habeas Corpus Petition)**__

Grounds raised (Be brief but specific):

a.    __**Issues same as above**__

b.    _____

c.    _____

d.    _____

Result __**Denied (See Attached Exhibit #3)**__   Date of Result __**07/25/07**__

III.  Name of Court __**Supreme Court of California**__

Type of Proceeding ___ **Same as above** _____

Grounds raised (Be brief but specific):

a.     **Issues same as above** _____

b. _____

c. _____

d. _____

Result **Denied (See Attached Exhibit #4)** ___ Date of Result **01/30/08** _____

     (b)    Is any petition, appeal or other post-conviction proceeding now pending in any

court?     Yes __ No **X**

_____

(Name and location of court)


## B. GROUNDS FOR RELIEF

    State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened? Who

made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need

more space. Answer the same questions for each claim.

    Note: You must present ALL your claims in your first federal habeas petition. Subsequent

petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499

U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

    Claim One:    **The trial court imposed additional time based on factors not**

found by the jury nor admitted by the petitioner.

Supporting Facts: Petitioner was found guilty of an offense at trial, which would subject him to a standard midterm sentence, but he was sentenced to upper terms when the court found additional facts and determined that those aggravating factors justified the greater sentence. (See Exhibit #1, Sentencing Transcript)

Claim Two: The trial court abused its discretion when it sentenced petitioner to consecutive upper terms based on factors not found by the jury.

Supporting Facts: Petitioner was sentenced to consecutive upper terms when the court found additional facts and determined that those aggravating factors justified the greater sentence. (See Attached Exhibit #1 Sentencing Transcript)

Claim Three: _____

Supporting Facts: _____

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

8

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

Apprendi v. New Jersey (2000) 530 U.S. 466. 490 [120 S. Ct. 2248, 147 L.Ed2d435], Blakely v. Washington (2004) 542 U.S. 296, Cunningham v. California (2007) _U.S._, 127 S.Ct. 856, 2007, Jones v. United States, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999)

Do you have an attorney for this petition?    Yes __ No _X_

If you do, give the name and address of your attorney:

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on _2/25/08_
                 Date

_Ishmael Turner_
Signature of Petitioner

( rev. 5/96)

9

MC-275

Name   Ishmael Turner

Address   CSP-San Quentin 1-N-100 up

San Quentin, CA 94974

CDC or ID Number   H-49812

**SUPREME COURT**
# FILED

AUG **0 7** 2007

**Frederick K. Ohlrich Clerk**

Deputy

Supreme Court of California

(Court)

| | |
|---|---|
| Ishmael Turner | PETITION FOR WRIT OF HABEAS CORPUS |
| Petitioner | |
| vs. | No. **S155162** |
| Warden of San Quentin | *(To be supplied by the Clerk of the Court)* |
| Respondent | |

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 at seq.;
Cal. Rules of Court, rule 60[a]

American LegalNet, Inc.
www.USCourtForms.com

This petition concerns:

- [ ] A conviction
- [x] A sentence
- [ ] Jail or prison conditions
- [ ] Other *(specify):* _____

- [ ] Parole
- [ ] Credits
- [ ] Prison discipline

1. Your name:  Ishmael Zakat Turner

2. Where are you incarcerated?  San Quentin State Prison

3. Why are you in custody?  [x] Criminal Conviction   [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   Sexual Assault in Concert

b. Penal or other code sections:  264.1/261(a)(2), 286(d), 664/288a(d), 288a(d)

c. Name and location of sentencing or committing court:  Superior Court of the State of California, County of San Mateo

d. Case number:  C-28824-01

e. Date convicted or committed:  08-19-92

f. Date sentenced:  09-18-92

g. Length of sentence:  76.6 years

h. When do you expect to be released?  09/2031

i. Were you represented by counsel in the trial court?  [x] Yes.  [ ] No. If yes, state the attorney's name and address:

   Edward C. Pomeroy, 605 Middlefield Rd., Redwood City, Ca 94063

4. What was the LAST plea you entered? *(check one)*

   [x] Not guilty   [ ] Guilty   [ ] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [x] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Sentence imposed by court was unconstitutional and exceeds maximum

prescribed by law.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Petitioner's 6th Amendment right to a jury finding on the aggravating circumstances

were violated. Trail court violated the seperation of powers doctrine and invaded

the provence of the jury. The aggravating factors relied upon by the court never

found by the jury. (See Attached Exhibit #1, Abstract of Judgment and Sentencing

Transcript)

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Apprendi v. New Jersey, Cunningham v. California, In re Winship, Due process

Clause of the 6th and 14th Amendments of U.S. Constitution , Blakely v.

Washington, Ring v. Arizona, U.S. v. Booker

MC-275 [Rev. July 1, 2005]                **PETITION FOR WRIT OF HABEAS CORPUS**                Page three of six

7. Ground 2 or Ground _____ (if applicable):

Sentencing Court abused its discretion when it sentenced petitioner

to consecutive terms.


a. Supporting facts:

Petitioner's 6th Amendment right to a jury finding on the aggravating

circumstances were violated. The aggravating factors relied upon by the

court never found by the jury. (See Attached Exhibit #1, Abstract of Judgment

and Sentencing Transcript)


b. Supporting cases, rules, or other authority:

Apprendi v. New Jersey, Cunningham v. California, In re Winship, Due process

Clause of the 6th and 14th Amendments of U.S. Constitution, Blakely v.

Washington, Ring v. Arizona, U.S. v. Booker

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.  If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

The California Court of Appeal

b. Result  **Affirmed**    c. Date of decision: **After February 1994**

d. Case number or citation of opinion, if known:  **A059163**

e. Issues raised: (1) **Not applicable to this petition**

(2) _____

(3) _____

f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

David Carico, 215 W. Franklin St. #309, Monterey, Ca. 93940

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☐ No.  If yes, give the following information:

a. Result  **N/A to this petition**    b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised: (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

IAC and claim not ripe

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

N/A

b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.

*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☒ Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

13. a. (1) Name of court: Superior Court of San Mateo

(2) Nature of proceeding (for example, "habeas corpus petition"): Habeas Corpus Petition

(3) Issues raised: (a) Sentence imposed by court was unconstitutional and exceeds maximum.

(b) Sentencing court abused discretion by sentencing to consecutive terms.

(4) Result (Attach order or explain why unavailable): Denied (See Attached Exhibit #2)

(5) Date of decision: 05/24/07

b. (1) Name of court: Court of Appeal, State of California, First Appellate District

(2) Nature of proceeding: Same as above (Habeas Corpus Petition)

(3) Issues raised: (a) Issues same as above

(b)

(4) Result (Attach order or explain why unavailable): Denied (See Attached Exhibit #3)

(5) Date of decision: 07/25/07

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

None (N/A)

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

Petitioner excerised due diligence and law was not applied

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

This is the court of proper jurisdiction.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 8/1/07

▶ _Johnneal Turner_
(SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]        **PETITION FOR WRIT OF HABEAS CORPUS**        Page six of six

# EXHIBIT

( #1 )

EXHIBIT
1

2710-200

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO

HONORABLE JUDITH WHITMER KOZLOSKI    JUDGE    DEPT. 10  LINDA FITZGIBBON    Deputy Clerk

Date  9/18/92    PAM FISK    Reporter

CASE NO.  C28824-01    (Parties and counsel checked if present)    Present

PEOPLE OF THE STATE OF CALIFORNIA    District Attorney Sandra Vanderveen

vs.    DDA ____    XX

ISHMAEL TURNER aka ISHMAEL ZAKAT MUHAMMAD,

vs 264.1PC/261(A)(2)PC, vs 286(D)PC, vs 264.1/261(A)(2)PC    By Counsel Edward Pomeroy    XX

CHARGE  vs 264.1/261(A)(2)PC, vs 264.1/261(A)(2)PC vs 664/288A(D)PC, vs 288A(D)PC, vs 264.1/261(A)(2)PC,vs

NATURE OF PROCEEDINGS  264.1/261(A)(2)PC, vs 264.1/261(A)(2)PC,

vs 264.1/261(A)(2)PC, vs 264.1/261(A)(2)PC, vs 288A(D)PC, vs 288A(D)PC, vs 288A(D)PC, vs 288A(D)PC,vs 264.1/261(A)(2),

vs 264.1/261(A)(2)PC, vs 264.1/261(A)(2)PC

___ Defendant not present _____ in custody

_____ Private Defender appointed with _____ designated.

_____ Assistant Probation Officer _____ not present.

_____ Defendant states true name as _____

_____ Defendant was handed a copy of the Certification pursuant to Section 859(a)PC, was arraigned on same, and reaffirmed plea made in Municipal Court.

_____ On _____ motion _____

/ _____ continued to _____

_✓_ Probation Report/ _✔_ Memorandum of DDA _____ received, reviewed and ordered filed.

_____ Supplemental Probation Report/_____ ordered.

_____

_____

_____

_____

_____

_____ Criminal proceedings suspended, Sheriff ordered to deliver defendant to the Department of Corrections diagnostic facility at Vacaville, Ca/ Corona, CA for diagnosis and evaluation pursuant to Sec. 1203.03 PC for a temporary period not to exceed ninety days.

_____ Defendant and counsel waived time for sentencing.

_✓_ Defendant waived formal arraignment for judgment and states there is no legal cause why sentence should not now be pronounced.

_____ Imposition of sentence suspended.    _✓_ Defendant sentenced per attachment.    _____ Sentence suspended.

_____ Probation denied.    _____ Formal/Court Probation granted for a period of _____
per conditions on attachment.

_____ Conditions of Probation accepted by defendant.

_✓_ Defendant advised of period of parole pursuant to Section 1170.1 PC.

_✓_ Defendant advised of right to appeal, appeal procedure and right to appointed counsel pursuant to Rule 250, California Rules of Court.

_____ Defendant failing to appear, without sufficient excuse    _____ Bail foreited    _____ O.R. revoked.

_____ Bench Warrant ordered issued with no bail/bail fixed at $ _____ .

_____ Defendant appearing    _____ Bench Warrant recalled    _____ Bail/O.R. reinstated.

_____ Motion for issuance of Bench Warrant/Forfeiture of Bail/Revocation of O.R. submitted/c___ ____ued to _____

CASE NO. C23824   PEOPLE OF THE STATE OF CALIFORNIA vs. Ishmael Turner
(Sentencing Attachment - State Prison)

Sentence is imposed as follows:

___ Defendant is committed to:        ___ Department of Corrections for

CT. 6 to the (A) term of 4 years 6 months   ___ California Youth Authority (pursuant to Sec. 1731.5(b) WIC) for
CTS. 1, 7, 10, 12, 13, 14, 15, & 16 (A) term of 9 years on each consecutive to each other & consecutive to ct. 6.

ct. 2 to the (A) term of 9 years concurrent w/ct.1 consecutive to ct.6, stayed pending appeal on ct. 1 to become permanent upon completion of sentence on ct. 1.

cts.3,4, & 5 to the (A) term of 9 years on each concurrent one to the other & ct.7, consecutive to cts.6,1,&2, stayed pending appeal on ct.7 to become permanent upon completion of sentence on ct.7.

cts. 8&9 to the (A) term of 9 years on each concurrent one to the other & ct. 12, consecutive to cts. 6,1,2,3,4,5 &7, stayed pending appeal on ct. 12 to become permanent upon completion of sentence on ct. 12.

ct. 11 to the (A) term of 9 years concurrent to ct. 10, consecutive to cts.6,1,2,3,4,5,7,8,9 & 12, stayed pending appeal on ct. 10 to become permanent upon completion of sent. on ct. 10.   Cts. 17, 18, & 19 to the (A) term of 9 years on each consecutive one to the other & concurrent one to the other to ct.16, consecutive to cts. 6,1,2,3,4,5,6,7,8,9,10,11 &12 stayed pending appeal on ct. 16 to become permanent upon completion of sentence on ct. 16.

___ Credit for ___ 196 ___ actual days served, plus ___ 98 ___ days good time / work time for a total
of ___ 294 ___ days. Defendant to be delivered by the Sheriff to the Director of Corrections:

___ California State        ___ Central California        ___ to be housed at California
Prison,                     Women's Facility,              Youth Authority, pursuant
San Quentin                 Chowchilla                     to Sec. 1731.5(c) WIC

___ Defendant to be brought before this Court for further proceedings if not accepted by CYA.

___ Defendant shall pay a $100.00 restitution fund fine as mandated by Government Code Section 13967.

___ Defendant shall pay fine of $ _____ plus penalty assessment of $ _____ plus
$ _____ pursuant to Section 11372.5 H&S plus $ _____ pursuant to Section 11372.7 H&S.
Pay fine of $ ___ 100.00 ___ pursuant to Section 290.3PC. _____

Payments to be made to Revenue Services. Payment due date if total fines payable are $500.00 and over

___ Genetic marker testing pursuant to Section 290.2PC.

___ AIDS testing pursuant to Section 1202.1PC.

Dated: 9-18-92   Sentencing Attachment                    Criminal Minute Form 5
                                                          State Prison

292 399

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 29[cut off]

(ENDORSED)

# FILED

SEP 21 1992

WARREN SLOCUM, County Clerk

By VIRGILIO S. CASTRO

DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN MATEO**

BRANCH

COURT I.D.  **4**

CASE NUMBER(S)

**PEOPLE OF THE STATE OF CALIFORNIA** versus    ☒ PRESENT    C28824-01   - A

**DEFENDANT:** ISHMAEL TURNER    ☐ NOT PRESENT   - B

AKA:    - C

**COMMITMENT TO STATE PRISON**    AMENDED    - D

**ABSTRACT OF JUDGMENT**    ABSTRACT ☐    - E

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 9/18/92 | 10 | JUDITH WHITMER KOZLOSKI | LINDA FITZGIBBON |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| PAM FISK | SANDRA VANDERVEEN | EDWARD POMEROY | NONE PRESENT |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):    SENTENCE RELATION

☒ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | TERM (L.M.U) | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NON-VIO | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE(S) C3-REFER A4 | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | PC | 664/288a(d) | attempted forcible oral cop. | 92 | 08 | 19 | 92 | x | | | U | | | | | x | | 4 | 6 |
| 1 | PC | 261(a)(2)/264.1 | rape in concert | 92 | 08 | 19 | 92 | x | | | U | | | | | x | | 9 | |
| 7 | PC | 288(a)(d) | forcible oral cop. in concert | 92 | 08 | 19 | 92 | x | | | U | | | | x | | | 9 | |
| 10 | PC | 261(a)(2)/264.1 | rape in concert | 92 | 08 | 19 | 92 | x | | | U | | | | x | | | 9 | |
| 12 | PC | 261(a)(2)/264.1 | rape in concert | 92 | 08 | 19 | 92 | x | | | U | | | | x | | | 9 | |

2. **ENHANCEMENTS** charged and found true **TIED TO SPECIFIC COUNTS** (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. **Enter** time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. **ENHANCEMENTS** charged and found true **FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS** (mainly § 667-series) and **OTHER**. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
| | | | | | | | | | | |

4. INCOMPLETED SENTENCE(S) CONSECUTIVE:    CREDIT FOR

5. OTHER ORDERS   TESTING PURS. TO PC SEC. **290.2** and 1202.1 ordered

FORM DSL 290-/

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## ATTACHMENT PAGE

(ENDORSED)

# FILED

SEP 2 1 1992

**WARREN SLOCUM, County Clerk**

By **VIRGILIO S. CASTRO**

**DEPUTY CLERK**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO

COURT I.D.  BRANCH

4 | 1 | |

| | | CASE NUMBER (S) |

PEOPLE OF THE STATE OF CALIFORNIA versus  [X] PRESENT  C28824-01  - A

DEFENDANT: ISHMAEL TURNER  - B

AKA:  [ ] NOT PRESENT  - C

COMMITMENT TO STATE PRISON  AMENDED  [ ]  - D
ABSTRACT OF JUDGMENT  ABSTRACT  - E

DATE OF HEARING
09 | 18(x) | 92(x)

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):   SENTENCE RELATION

THIS IS ATTACHMENT PAGE NO.  2

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | TERM (L.M.U) | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NON VIO. | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE(S) CS REFER #4 | 654 STAY | YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 13 | PC | 288(a)(d)  forcible oral cop. in concert | | 92 | 08 | 19 | 92 | x | | | U | | | | x | | | 9 | |
| 14 | PC | 288(a)(d)  forcible oral cop. in concert | | 92 | 08 | 19 | 92 | x | | | U | | | | x | | | 9 | |
| 15 | PC | 288(a)(d)  forcible oral cop. in concert | | 92 | 08 | 19 | 92 | x | | | U | | | | x | | | 9 | |
| 16 | PC | 288(a)(d)  forcible oral cop. in concert | | 92 | 08 | 19 | 92 | x | | | U | | | | x | | | 9 | |
| 2 | PC | 286(d)  forcible sodomy in concert | | 92 | 08 | 19 | 92 | x | | | U | x | | | | | | (9) | |
| 3 | PC | 261(a)(2)/264.1  rape in concert | | 92 | 08 | 19 | 92 | x | | | U | x | | | | | | (9) | |
| 4 | PC | 261(a)(2)/264.1  rape in concert | | 92 | 08 | 19 | 92 | x | | | U | x | | | | | | (9) | |
| 5 | PC | 261(a)(2)/264.1  rape in concert | | 92 | 08 | 19 | 92 | x | | | U | x | | | | | | (9) | |
| 8 | PC | 261(a)(2)/264.1  rape in concert | | 92 | 08 | 19 | 92 | x | | | U | x | | | | | | (9) | |
| 9 | PC | 261(a)(2)/264.1  rape in concert | | 92 | 08 | 19 | 92 | x | | | U | x | | | | | | (9) | |
| 11 | PC | 261(a)(2)/264.1  rape in concert | | 92 | 08 | 19 | 92 | x | | | U | x | | | | | | (9) | |
| 17 | PC | 261(a)(2)/264.1  rape in concert | | 92 | 08 | 19 | 92 | x | | | U | x | | | | | | (9) | |
| 18 | PC | 261(a)(2)/264.1  rape in concert | | 92 | 08 | 19 | 92 | x | | | U | x | | | | | | (9) | |
| 19 | PC | 261(a)(2)/264.1  rape in concert | | 92 | 08 | 19 | 92 | x | | | U | x | | | | | | (9) | |

TOTAL 36

2. **ENHANCEMENTS** charged and found true, TIED TO SPECIFIC COUNTS (mainly in the 12022 series) for counts listed on this page.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

Cal

#49812

1    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

(ENDORSED)

**FILED**

2      COUNTY OF SAN MATEO

OCT 28 1992

WARREN SLOCUM, County Clerk

3

PEOPLE OF THE STATE OF CALIFORNIA,    )

By VIRGILIO S. CASTRO

DEPUTY CLERK

4               )

             PLAINTIFF,   )

5               )

     VS.            )  NO. C-28824

6               )

ISHMAEL ZAKAT TURNER,       )

7               )

           DEFENDANT.   )

8  _____)

9

10     REPORTER'S TRANSCRIPT OF PROCEEDINGS

11    BEFORE: HON. JUDITH W. KOZLOSKI, JUDGE

12        DEPARTMENT 10

13       SEPTEMBER 18, 1992

Apl 2-4-93

14 A P P E A R A N C E S:

15 FOR THE PEOPLE:    JAMES P. FOX, DISTRICT ATTORNEY
               OF SAN MATEO COUNTY

16             BY: SANDRA VANDERVEEN, DEPUTY
             HALL OF JUSTICE AND RECORDS

17             401 MARSHALL STREET
             REDWOOD CITY, CALIFORNIA 94063

18

19 FOR THE DEFENDANT:   THE PRIVATE DEFENDER PANEL
             BY: EDWARD POMEROY

20

21

22 REPORTED BY:     PAMELA FISK, CSR #1807

23

24

25

26

1

1          P R O C E E D I N G S

2

3     REDWOOD CITY, CALIFORNIA                    SEPTEMBER 18, 1992

4

5                         ----------

6

7               THE COURT:  THE PEOPLE OF THE STATE OF CALIFORNIA

8     VERSUS ISHMAEL TURNER.

9               COUNSEL, STATE YOUR APPEARANCES, PLEASE.

10              MS. VANDERVEEN:  SANDRA VANDERVEEN FOR THE PEOPLE.

11              MR. POMEROY:  EDWARD POMEROY FOR THE DEFENSE.

12              THE COURT:  ALL RIGHT.  WE ARE HERE FOR THE

13    IMPOSITION OF SENTENCE ON MR. TURNER.

14              DO YOU WAIVE ARRAIGNMENT FOR JUDGMENT?

15              MR. POMEROY:  YES, YOUR HONOR.

16              THE COURT:  IS THERE ANY LEGAL CAUSE WHY SENTENCE

17    SHOULD NOT NOW BE BE IMPOSED?

18              MR. POMEROY:  NO, YOUR HONOR.

19              THE COURT:  WOULD YOU LIKE TO ADDRESS THE COURT?

20              MR. POMEROY:  YES.  YOUR HONOR.  I HAVE REVIEWED

21    THE PROBATION REPORT WITH MY CLIENT AND ALSO THE PEOPLE'S

22    MEMORANDUM.

23              THERE IS NO QUESTION AS SET FORTH IN THE

24    MEMORANDUM AND IN THE PROBATION REPORT THAT THE CRIMES OF

25    WHICH MY CLIENT HAS BEEN CONVICTED ARE SERIOUS.  THERE IS NO

26    QUESTION THAT HE WAS CONVICTED, OBVIOUSLY THAT IS WHY WE ARE

1    HERE.

2        HOWEVER, INSOFAR AS FINDING THERE IS NO MITIGATING

3    CIRCUMSTANCES IN THIS CASE, I THINK THE REPORT IS DEFICIENT.

4        FIRST OF ALL, MY CLIENT IS STILL A YOUNG MAN, 21

5    YEARS OLD AT THE TIME OF THIS OFFENSE.  AND IN ADDITION, YOUR

6    HONOR, THERE WERE EXTENUATING CIRCUMSTANCES SURROUNDING THE

7    ALLEGED INCIDENT AS TO WHAT THE YOUNG LADIES WERE DOING OUT

8    THAT NIGHT, WHERE THEY WERE GOING, WHAT WAS THEIR INTENT, ET

9    CETERA.  THE FACT THAT MY CLIENT HAD STEADFASTLY STAYED BY

10   HIS STORY OF CONSENSUAL INTERCOURSE IS NOT AN INDICATION OF A

11   LACK OF REMORSE, IT IS NOT AN INDICATION OF HIS CALLOUSNESS

12   IN THE MATTER, RATHER IS AN INDICATION OF HIS BELIEF IN HIS

13   INNOCENCE.  THE FACT THAT THE JURY HAS FOUND HIM GUILTY DOES

14   NOT MEAN THAT HIS STORY IS NECESSARILY TOTALLY FALSE.

15       IN ADDITION, I THINK ONE OF THE FACTORS THE COURT

16   SHOULD LOOK AT IS THE SENTENCE OR DEAL WHICH WAS GIVEN TO THE

17   CO-DEFENDANT IN THE MATTER.  10 YEARS.  10 YEARS FOR OFFERING

18   TESTIMONY IN THE CASE AND NOT GOING TO TRIAL.  WHEREAS MY

19   CLIENT, BY STANDING BY HIS RIGHTS, EXERCISING HIS RIGHTS AND

20   TESTIFYING AS HE BELIEVED TO BE THE FACTS, IS FACING MORE

21   THAN 100 YEARS IN THE CASE.

22       IT IS TRUE THAT THE VICTIMS WERE YOUNG.  HOWEVER,

23   I THINK THAT IF COURT LOOKS BACK ON THE TESTIMONY AND THE

24   FACTS SURROUNDING THE CASE, THEIR YOUTH IS NO INDICATION THAT

25   THEY WERE NEVERTHELESS SOMEWHAT SOPHISTICATED AS TO WHAT

26   HAPPENS IN THE WORLD.  REMEMBER THE TESTIMONY THEY WERE

1    SPECIFICALLY OUT LOOKING FOR BOYS, THEY WERE SPECIFICALLY OUT

2    LOOKING TO PARTY.

3              I WOULD ASK THIS COURT NOT TO IMPOSE THE UPPER

4    TERMS THAT THE PEOPLE HAVE SUGGESTED.  RATHER, I WOULD LIKE

5    THE COURT TO IMPOSE THE LOWER TERMS, ALLOW MY CLIENT *THE*

6    OPPORTUNITY TO GET BACK IN SOCIETY AND LIVE WHATEVER IS LEFT

7    OF HIS LIFE PERHAPS MAKING A FRUITFUL LIFE AFTER HIS

8    DEPARTMENT OF CORRECTIONS TIME.

9              THANK YOU, YOUR HONOR.

10             MS. VANDERVEEN:  YOUR HONOR, I AM ESSENTIALLY

11   PREPARED TO SUBMIT ON THE SENTENCING BRIEF THAT I FILED WITH

12   THE COURT.  HOWEVER, I WOULD NOTE THAT AS TO REALLY THE

13   SINGLE FACTOR IN MITIGATION THAT MR. POMEROY HAS ARTICULATED,

14   THAT BEING THE FACT THAT THE DEFENDANT IS YOUTHFUL, IN FACT,

15   IN MY MIND, IS AN ADDITIONAL AGGRAVATING FACTOR, AND THE

16   REASON IS THAT THIS MAN HAS SHOWN THAT HE HAS ABSOLUTELY NO

17   CONSCIENCE, HE HAS NO HEART, HE HAS NO COMPASSION, AND HE IS

18   A DEPRAVED AND DANGEROUS MAN, AND THE SOONER HE IS ELIGIBLE

19   TO BE RELEASED FROM STATE PRISON, THE SOONER OUR COMMUNITY IS

20   PUT BACK AT RISK.

21             THERE IS NOTHING THAT THE MAN WILL NOT DO.  AND HE

22   HAS ABSOLUTELY NO CONSIDERATION FOR THE SAFETY OR THE RIGHTS

23   OF OTHER HUMANS.  I THINK HE SHOULD BE SENTENCED TO THE

24   MAXIMUM POSSIBLE SENTENCE UNDER THE LAW.  AND I WILL *SUBMIT*

25   IT.

26             THE COURT:  ALL RIGHT.  HAVING READ AND CONSIDERED

1   THE PROBATION REPORT, THE SENTENCING MEMORANDUM WHICH WAS

2   FILED WITH THE COURT, AND WITH THE CLEAR MEMORY OF THE FACTS

3   OF THE CASE, THE COURT IS NOW READY TO IMPOSE SENTENCE.

4           FOR VIOLATION OF SECTION 664/288A(D), ATTEMPTED

5   FORCIBLE ORAL COPULATION IN CONCERT, THE DEFENDANT IS

6   SENTENCED TO THE AGGRAVATED TERM OF FOUR AND A HALF YEARS IN

7   THE DEPARTMENT OF CORRECTIONS PURSUANT TO 1170.1 OF THE PENAL

8   CODE.

9           THE COURT RELIES ON RULE 421(B)(5) IN THIS CHOICE:

10  THE DEFENDANT'S PRIOR PERFORMANCE ON PROBATION OR PAROLE WAS

11  UNSATISFACTORY.

12          THE COURT FURTHER FINDS THAT THE FOLLOWING COUNTS

13  FALL WITHIN THE MEANING OF 667.6(D) OF THE PENAL CODE WHICH

14  MANDATES FULL, SEPARATE AND CONSECUTIVE TERMS BE IMPOSED FOR

15  SEXUAL ASSAULTS COMMITTED ON SEPARATE VICTIMS, OR ON THE SAME

16  VICTIM ON SEPARATE OCCASIONS:

17          COUNT 13, THE FIRST ACT OF FORCIBLE ORAL

18  COPULATION IN CONCERT BY THE DEFENDANT ON IRENE;

19          COUNT 1, THE FIRST RAPE IN CONCERT OF ESTHER BY

20  HENDERSON IN WHICH THE DEFENDANT AIDED AND ABETTED;

21          COUNT 7, THE ACT OF FORCIBLE ORAL COPULATION IN

22  CONCERT BY THE DEFENDANT ON ESTHER COMMITTED AFTER THE

23  DEFENDANT AND HENDERSON FIRST TRADED VICTIMS;

24          COUNT 14, THE ACT OF FORCIBLE ORAL COPULATION IN

25  CONCERT BY HENDERSON ON IRENE COMMITTED AFTER THE DEFENDANT

26  AND HENDERSON FIRST TRADED VICTIMS IN WHICH THE DEFENDANT

1    AIDED AND ABETTED;

2            COUNT 15, THE ACT OF FORCIBLE ORAL COPULATION IN

3    CONCERT BY DEFENDANT ON IRENE COMMITTED AFTER THE DEFENDANT

4    AND HENDERSON TRADED VICTIMS A SECOND TIME;

5            COUNT 10, THE RAPE IN CONCERT OF ESTHER BY

6    HENDERSON IN WHICH THE DEFENDANT AIDED AND ABETTED, AFTER THE

7    DEFENDANT AND HENDERSON TRADED VICTIMS THE SECOND TIME;

8            COUNT 12, THE RAPE IN CONCERT OF ESTHER BY THE

9    DEFENDANT, AFTER THE DEFENDANT AND HENDERSON TRADED VICTIMS A

10   THIRD TIME;

11           AND COUNT 16, THE ACT OF FORCIBLE ORAL COPULATION

12   IN CONCERT BY HENDERSON ON IRENE COMMITTED AFTER THE

13   DEFENDANT AND HENDERSON TRADED VICTIMS A THIRD TIME IN WHICH

14   THE DEFENDANT AIDED AND ABETTED.

15           THE COURT BELIEVES BASED UPON THE EVIDENCE THAT IN

16   AFOREMENTIONED COUNTS THE DEFENDANT HAD A REASONABLE

17   OPPORTUNITY TO REFLECT UPON HIS ACTIONS BETWEEN EACH CRIME

18   AND NEVERTHELESS RESUMED HIS SEXUAL ASSAULTIVE BEHAVIOR.

19   THEREFORE ON COUNTS 1, 7, 10, 12, 13, 14, 15 AND 16, THE

20   DEFENDANT IS SENTENCED TO THE AGGRAVATED TERM OF NINE YEARS,

21   FOR EACH OFFENSE.  EACH TERM TO RUN FULLY CONSECUTIVE TO THE

22   OTHER FOR A TOTAL OF 72 YEARS WHICH WILL BE SERVED

23   CONSECUTIVELY WITH THE SENTENCE ON COUNT 6.

24           THE COURT HAS CHOSEN THE AGGRAVATED TERM PURSUANT

25   TO RULE 421(B)(7):  THE DEFENDANT HAS BEEN CONVICTED OF OTHER

26   CRIMES FOR WHICH CONSECUTIVE SENTENCES COULD HAVE BEEN

1   IMPOSED BUT FOR WHICH THE COURT INTENDS TO IMPOSE CONCURRENT

2   SENTENCES.

3            THE COURT FURTHER STATES THAT IF SECTION 667.6(D)

4   DID NOT APPLY TO THIS CASE, THE COURT WOULD IMPOSE FULLY

5   CONSECUTIVE SENTENCES FOR THE ABOVE-NAMED CRIMES PURSUANT TO

6   SECTION 667.7(C) FOR THIS REASON:  RULE 425(A)(1), THE CRIMES

7   INVOLVED SEPARATE ACTS OF VIOLENCE AND THREATS OF VIOLENCE.

8            THE COURT WOULD NOT AND DOES NOT CHOOSE TO

9   SENTENCE THE DEFENDANT ACCORDING TO THE TERMS OF 1170.1 FOR

10  ANY OF THE OFFENSES OF WHICH HE STANDS CONVICTED IN THIS

11  MATTER FOR THIS REASON:  RULE 421(A)(3), THAT THE VICTIMS

12  WERE PARTICULARLY VULNERABLE.

13           ON THE REMAINING COUNTS, THE COURT IMPOSES

14  SENTENCE ACCORDING TO THE TERMS OF 667.6(C) BECAUSE, AS SET

15  FORTH IN RULE 425(A)(5), THE CONVICTION FOR WHICH SENTENCES

16  ARE TO BE IMPOSED ARE NUMEROUS.

17           THE COURT FURTHER IS CHOOSING TO SENTENCE THE

18  DEFENDANT TO THE AGGRAVATED TERM ON THESE REMAINING COUNTS

19  BECAUSE, PURSUANT TO RULE 421(B)(2), THE DEFENDANT'S PRIOR

20  CONVICTION AS ADULT OR ADJUDICATIONS OF COMMISSION FOR CRIMES

21  AS A JUVENILE ARE NUMEROUS AND OF INCREASING SERIOUSNESS.

22           ON COUNT 2 THE DEFENDANT IS SENTENCED TO THE

23  AGGRAVATED TERM OF NINE YEARS.  THIS TERM IS TO RUN

24  CONCURRENT WITH THE SENTENCE IMPOSED ON COUNT 1 BUT

25  CONSECUTIVE WITH COUNT 6.  SENTENCE ON COUNT 2 IS STAYED

26  PENDING APPEAL ON COUNT 1, STAY TO BECOME PERMANENT UPON THE

1    COMPLETION OF THE SENTENCE ON COUNT 1.

2         ON COUNTS 3, 4 AND 5, THE DEFENDANT IS SENTENCED

3    TO THE AGGRAVATED TERM OF NINE YEARS.  SENTENCES ON THOSE

4    COUNTS TO RUN CONCURRENT ONE TO THE OTHER, AND CONCURRENT TO

5    COUNT (7)BUT CONSECUTIVE TO COUNTS 6, 1 AND 2.  SENTENCE ON

6    COUNTS (3, 4 AND 5\IS STAYED PENDING APPEAL OF COUNT 7, STAY

7    TO BECAME PERMANENT UPON THE COMPLETION OF THE SENTENCE ON

8    COUNT 7.

9         ON COUNTS 8 AND 9, THE DEFENDANT IS SENTENCED TO

10   THE AGGRAVATED TERM OF NINE YEARS.  SENTENCES ON THOSE COUNTS

11   TO RUN CONCURRENT ONE TO THE OTHER AND CONCURRENT TO COUNT 12

12   BUT CONSECUTIVE TO COUNTS 6, 1, 2, 3, 4, 5 AND 7.

13        SENTENCE ON COUNTS 8 AND 9 IS STAYED PENDING

14   APPEAL ON COUNT 12, STAY TO BECOME PERMANENT UPON THE

15   COMPLETION OF THE SENTENCE ON COUNT 12.

16        ON COUNT 11, THE DEFENDANT IS SENTENCED TO THE

17   AGGRAVATED TERM OF NINE YEARS.  SENTENCE ON THIS COUNT TO RUN

18   CONCURRENT TO COUNT 10, BUT CONSECUTIVE TO COUNTS 6, 1, 2, 3,

19   4, 5, 7, 8, 9, 12.  SENTENCE ON COUNT 11 IS STAYED PENDING

20   APPEAL ON COUNT 10, STAY TO BECOME PERMANENT UPON THE

21   COMPLETION OF SENTENCE ON COUNT 10.

22        ON COUNTS 17, 18 AND 19, THE DEFENDANT IS

23   SENTENCED TO THE AGGRAVATED TERM OF NINE YEARS.  THE

24   SENTENCES ON THOSE COUNTS TO RUN CONCURRENT ONE TO THE OTHER

25   AND CONCURRENT TO COUNT 16, BUT CONSECUTIVE TO THE COUNT 6,

26   1, 2, 3, 4, 5, 7, 8, 9, 10, 11 AND 12.  SENTENCE ON COUNTS

1    17, 18 AND 19 IS STAYED PENDING APPEAL ON COUNT 16, STAY TO

2    BECOME PERMANENT UPON COMPLETION OF THE SENTENCE ON COUNT 16.

3            THE STAYED COUNTS 2, 3, 4, 5, 8, 9, 11, 17, 18 AND

4    19 ARE SENTENCED CONSECUTIVELY ON THE BASIS OF THE RULE

5    421(B)(1):  THE DEFENDANT HAS ENGAGED IN A PATTERN OF VIOLENT

6    CONDUCT WHICH INDICATES A SERIOUS DANGER TO SOCIETY.

7            THE TOTAL TERMS OF IMPRISONMENT IS 76 YEARS AND

8    SIX MONTHS.

9            MR. TURNER, YOU ARE INFORMED THAT YOU HAVE A RIGHT

10   TO APPEAL FROM THIS SENTENCE.  IF YOU WISH TO APPEAL YOU MUST

11   FILE A WRITTEN NOTICE OF APPEAL WITH THIS COURT WITHIN 60

12   DAYS FROM TODAY.  IF YOU APPEAL AND YOU ARE UNABLE TO HIRE A

13   LAWYER, THE APPELLATE COURT WILL APPOINT A LAWYER TO

14   REPRESENT YOU ON APPEAL.  YOU WILL ALSO HAVE A RIGHT TO A

15   FREE TRANSCRIPT AND RECORD OF THE NECESSARY PROCEEDINGS IN

16   THE COURT.

17           DO YOU HAVE ANY QUESTIONS ABOUT HOW YOU APPEAL?

18           YOU HAVE TO ANSWER EITHER YES OR NO.

19           THE DEFENDANT:  YES.

20           THE COURT:  DO YOU HAVE SOME QUESTIONS?

21           THE DEFENDANT:  NO.  NO.

22           THE COURT:  DO YOU UNDERSTAND HOW YOU APPEAL?

23           THE DEFENDANT:  YES.

24           THE COURT:  ALL RIGHT.  THE DEFENDANT IS REMANDED

25   TO THE CUSTODY OF THE SHERIFF FOR DELIVERY TO THE SAN QUENTIN

26   MEN'S RECEPTION CENTER WHERE HE WILL COMMENCE HIS TERM.

1          HE IS GIVEN CREDIT FOR TIME SERVED AS FOLLOWS:

2     192 ACTUAL DAYS, PLUS 96 GOOD TIME/WORK TIME DAYS FOR A TOTAL

3     OF 288 DAYS.

4          MR. POMEROY:  YOUR HONOR, WE HAVE TO ADD FIVE

5     DAYS.

6          THE COURT:  THAT IS RIGHT.

7          MR. POMEROY:  SO IT WILL BE 196.

8          THE COURT:  ALL RIGHT.  196 ACTUAL DAYS, PLUS 98

9     GOOD TIME/WORK TIME DAYS, FOR A TOTAL OF 294 DAYS CREDIT FOR

10    TIME SERVED.

11         TESTING, I THINK, NEEDS TO BE ORDERED AS WELL

12    WHICH WAS NOT DONE AT THE TIME THAT THE VERDICT WAS READ.

13    THE COURT ORDERS PURSUANT TO 290.2 --

14         MS. VANDERVEEN:  I HAVE FORGOTTEN THE CODE

15    SECTIONS.

16         THE COURT:  THE DEFENDANT SHOULD BE ORDERED AND IS

17    ORDERED TO SUBMIT TO AIDS TESTING AS WELL AS TO GENETIC

18    TESTING PURSUANT TO 290.2 OF THE PENAL CODE AND 1202.1,

19    1202.6 OF THE PENAL CODE.  THOSE TESTINGS TO BE CONDUCTED IN

20    THE DEPARTMENT OF CORRECTIONS.

21         COURT IS IN RECESS.

22         (PROCEEDINGS CONCLUDED.)

23

24

25

26

1                SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                          COUNTY OF SAN MATEO

3    DEPARTMENT NO. 10          HON. JUDITH W. KOZLOSKI, JUDGE

4

5
     THE PEOPLE OF THE STATE        )
6    OF CALIFORNIA,                 )
                                    )
7                       PLAINTIFF   )
                  VS.               )        NO. C-28824
8                                   )
     ISHMAEL ZAKAT TURNER,          )
9                                   )   REPORTER'S CERTIFICATE
                       DEFENDANT    )
10   _____)

11
     STATE OF CALIFORNIA   )
12                         )   SS
     COUNTY OF SAN MATEO   )
13

14
          I, PAMELA FISK, OFFICIAL REPORTER OF THE SUPERIOR COURT
15
     OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO, DO HEREBY
16
     CERTIFY THAT THE FOREGOING PAGES 1 THROUGH 9, INCLUSIVE,
17
     COMPRISE A FULL, TRUE, AND CORRECT TRANSCRIPT OF THE
18
     PROCEEDINGS TAKEN IN THE MATTER OF THE ABOVE-ENTITLED CAUSE.
19

20
          DATED:   OCTOBER 26, 1990
21

22

23                                  _____
                                    PAMELA FISK, CSR # 1807
24                                  OFFICIAL REPORTER, SUPERIOR COURT

25

26

# EXHIBIT

( #2 )

ENDORSED FILED
SAN MATEO COUNTY

MAY 2 4 2007

Clerk of the Superior Court
By  JENNIFER ARNOTT
DEPUTY CLERK

1

2

3

4

5

6

7    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8    IN AND FOR THE COUNTY OF SAN MATEO

9

10   In re:

11   ISHMAEL TURNER

12   On Habeas Corpus.

|  |  |
|--|--|
| ) | Case No. SC-28824 A |
| ) | HC-1890 |
| ) | |
| ) | **ORDER OF DENIAL** |
| ) | |
| ) | |
| ) | |

13

14   The Court has received and reviewed the Petition for Writ

15   of Habeas Corpus of Petitioner, Ishmael Turner, filed April 10,

16   2007.  The petition is hereby denied.

17

18   **FACTS AND ALLEGATIONS**

19   On August 19, 1992, a jury found Petitioner guilty of

20   twelve counts of rape in concert (PC § 261(a)(2)/264.1), five

21   counts of forcible oral copulation in concert (PC § 288a(d)),

22   one count of forcible sodomy in concert (PC § 286(d)), and one

23   count of attempted forcible oral copulation (PC § 664/288a(d)).

24   On September 18, 1992, Petitioner was sentenced to a total of

25   76 years, 6 months in prison: five consecutive 9-year upper

26   terms on each of five forcible oral copulation in concert

27   charges, plus three consecutive 9-year upper terms for three of

28   the forcible oral rape in concert charges, plus a consecutive 4

1  year, 6 month upper term on the attempted forcible oral
2  copulation charge.  The sentences on the remaining counts were
3  ordered to run concurrent.  In an unpublished opinion (A059163)
4  filed July 20, 1994 the Court of Appeal modified the judgment
5  to strike one count of rape in concert (for which a concurrent
6  sentence had been imposed) and otherwise affirmed.  The Supreme
7  Court denied a petition for review on November 2, 1994.

8

9     Petitioner complains that his sentence was unlawful under
10  Cunningham v. California (2007) 127 S.Ct. 856.  He requests that
11  he be resentenced accordingly.

12

13                          **DISCUSSION**

14     The Cunningham decision is not retroactively applicable to
15  Petitioner.  The opinion in Cunningham did not reflect whether
16  the US Supreme Court intended the decision to apply
17  retroactively, nor has this issue yet been decided by a
18  California appellate court.  However, Cunningham was based on the
19  principles set forth in Blakely v. Washington (2004) 542 U.S.
20  296.  The high court has not yet decided whether Blakely is to be
21  applied retroactively.  However, other decisions binding on this
22  court hold that the principles announced in Blakely applied only
23  to cases not yet final when the opinion was issued.  (See People
24  v. Amons (2005) 125 Cal.App.4th 855, 868; In re Consiglio (2005)
25  128 Cal.App.4th 511, 516.)  Because Blakely did not apply to
26  cases that were final when the opinion was issued, and the
27  Cunningham decision is based on the principles set forth in

28

2

1  Blakely, Cunningham is not retroactive to Petitioner's case,

2  which was final when the Cunningham decision issued.

3

4                          **DISPOSITION**

5      When a petition for writ of habeas corpus fails to reveal

6  sufficient facts which, if true, would establish a prima facie

7  case for relief, summary denial is appropriate.  (In re Clark

8  (1995) 5 Cal.4th 750, 769.)  For the foregoing reasons, the

9  petition for writ of habeas corpus is hereby denied.

10

11

12  Dated: May 24, 2007

13                          Judge of the Superior Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                          3

## AFFIDAVIT OF MAILING CASE NUMBER: SC028824A

## DOCUMENT: Order of Denial, signed by Judge Stephen M. Hall on 05/24/07

I declare, under penalty of perjury, that on the following date I deposited in the United State Post Office Mail Box at Redwood City, California a true copy of the foregoing document, enclosed in an envelope, with the proper and necessary postage pre-paid thereon, and addressed to the following:

Ishmael Z. Turner     CDC # H-49812
CSP – San Quentin 1-N-100 up
San Quentin, CA 94974

San Mateo County District Attorney's Office
400 County Center, 3rd Floor
Redwood City, CA 94063
[by hand delivery]

San Mateo County Private Defender Program
333 Bradford St.
Redwood City, CA 94063

**Executed on May 24, 2007
At Redwood City, California**

**CLERK OF THE SUPERIOR COURT
OF THE STATE OF CALIFORNIA**

**By:** _____
   **Jennifer Arnott,
   Superior Court Courtroom Clerk**

# EXHIBIT

( #3 )

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 1



In re ISHMAEL TURNER on Habeas Corpus.

A118392
San Mateo County No. SC28824A

**FILED**

JUL 2 5 2007

Court of Appeal - First App. Dist.
DIANA HERBERT

By _____
DEPUTY

BY THE COURT:

The petition for writ of habeas corpus is denied.

The justices participating in this matter were:

Presiding Justice Marchiano, Justice Swager and Justice Margulies

Date: ___JUL 2 5 2007___        MARCHIANO, P.J.
                                                                    P.J.

orcc1a

# EXHIBIT

( #4 )

S155162

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re ISHMAEL TURNER on Habeas Corpus

The petition for writ of habeas corpus is denied.

George, C. J., was absent and did not participate.

SUPREME COURT
FILED

JAN 3 0 2008

Frederick K. Ohlrich Clerk

Deputy

**BAXTER**
Acting Chief Justice



U.S. POSTAGE
SAN QUENTIN,CA
94974
FEB 28 '08
AMOUNT
$0.00
00022457-06
94102
0000

NORTHERN DISTRICT OF CALIFORNIA

U.S. Courthouse
450 Golden Gate Ave.
San Francisco, Ca 94102-3483



PRIORITY
MAIL
UNITED STATES POSTAL SERVICE ®
LABEL107R, OCT 1997    www.usps.gov

Ishmael Turner H-49812
CSP-SQ San Quentin 1-N-100 up
San Quentin, Ca. 94974

Legal Mail



Quentin 1-N-100 un
n, Ca. 94974

Legal Mail

PRIORITY MAIL
UNITED STATES POSTAL SERVICE ®
www.usps.gov
LABEL107R, OCT 1997

NORTHERN DISTRICT OF CALIFORNIA

U.S. Courthouse
450 Golden Gate Ave.
San Francisco, Ca 94102-3483

UNITED STATES POSTAL SERVICE

0000
94102

U.S. POSTAGE
PAID
SAN QUENTIN,CA
94964-96
FEB 28, '08
AMOUNT
$0.00
00022457-06

420 941020000 99 i000

USA 41
USA 41
USA 41
USA 41

ırt Name: U.S. District Court, NDCA
_ivision: 3
Receipt Number: 34611016397
Cashier ID: almaceh
Transaction Date: 02/29/2008
Payer Name: Phil Angelides, Treasurer
-----------------------------------
WRIT OF HABEAS CORPUS
 For: I TURNER
 Amount:        $5.00
-----------------------------------
CHECK
 Check/Money Order Num: 71317
 Amt Tendered:  $5.00
-----------------------------------
Total Due:      $5.00
Total Tendered: $5.00
Change Amt:     $0.00

C08-1226 MHP


ecks and drafts are accepted
 ject to collections and full
c. _ıt will only be given when the
check or draft has been accepted by
the financial institution on which
it  was drawn.