UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISHMAEL ZAKAT TURNER,                    No. C 08-1226 MHP (pr)

    Petitioner,                                  **ORDER OF DISMISSAL**

  v.

WARDEN OF SAN QUENTIN,

    Respondent.
                                      /

    Ishmael Zakat Turner, a prisoner at San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus under 28 U.S.C. § 2254. The lone claim in his petition is that his right to a jury trial was violated when the San Mateo County Superior Court imposed an upper-term sentence on him in 1992. For the reasons discussed below, the petition will be summarily dismissed because the Apprendi line of cases does not apply retroactively.

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

    The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury. U.S. Const. amend. VI. This right to a jury trial has been made applicable to state criminal proceedings via the Fourteenth Amendment's Due

Process Clause. <u>Duncan v. Louisiana</u>, 391 U.S. 145, 149-50 (1968). The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and its progeny, which extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Id.</u> at 488-90 (2000). The "statutory maximum" for <u>Apprendi</u> purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. <u>Blakely v. Washington</u>, 542 U.S. 296, 303-04 (2004). The Court reaffirmed this basic principle when it determined that the federal sentencing guidelines violated the Sixth Amendment because they imposed mandatory sentencing ranges based on factual findings made by the sentencing court. <u>See United States v. Booker</u>, 543 U.S. 220, 233-38 (2005). The sentencing guidelines were unconstitutional because they required the court to impose an enhanced sentence based on factual determinations not made by the jury beyond a reasonable doubt. <u>Id.</u> at 243-245.

In <u>Cunningham v. California</u>, 127 S. Ct. 856 (2007), the Court held that California's determinate sentencing law ("DSL") violated the Sixth Amendment because it allowed the sentencing court to impose an elevated sentence based on aggravating facts that it found to exist by a preponderance of the evidence. <u>Id.</u> at 860, 870-71. The sentencing court was directed under the DSL to start with a "middle term" and then move to an "upper term" only if it found aggravating factual circumstances beyond the elements of the charged offense. <u>Id.</u> at 862. Concluding that the middle term was the relevant statutory maximum, and noting that aggravating facts were found by a judge and not the jury, the Supreme Court held that the California sentencing law violated the rule set out in <u>Apprendi</u>. <u>Id.</u> at 871. Although the DSL gave judges broad discretion to identify aggravating factors, this discretion did not make the upper term the statutory maximum because the jury verdict alone did not authorize

2

the sentence and judges did not have the discretion to choose the upper term unless it was justified by additional facts. Id. at 868-69.

In Teague v. Lane, the Supreme Court held that a federal court may not grant habeas corpus relief to a prisoner based on a constitutional rule of criminal procedure announced after his conviction and sentence became final unless the rule fits within one of two narrow exceptions. Teague v. Lane, 489 U.S. 288, 310-316 (1989). Turner states in his petition that his conviction was affirmed on direct appeal in 1994 and his petition for review was denied by the California Supreme Court in 1994 and did not further pursue his direct appeal. His conviction therefore became final in 1994.

Apprendi, Blakely, Booker and Cunningham had not yet been decided when Turner's conviction became final in 1994. They therefore apply to Turner's case only if they can be applied retroactively under Teague. Apprendi, Blakely, and Booker have all been held not to apply retroactively under Teague. United States v. Sanchez-Cervantes, 282 F.3d 664, 665 (9th Cir. 2002) (Apprendi); United States v. Cruz, 423 F.3d 1119, 1122 (9th Cir. 2005) (Booker); Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005) (Blakely). Cunningham, on the other hand, did not announce a new rule and applies retroactively on collateral review, Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008), but only as to cases in which the convictions became final after Blakely was decided because Blakely itself is not retroactive.

Here, Turner's conviction became final years before any of the Apprendi line of cases was decided. Those cases cannot be applied retroactively under Teague. Turner's right to jury trial claim based on the Apprendi line of cases therefore cannot be considered on collateral review.

## CONCLUSION

The petition for writ of habeas corpus is DISMISSED. The clerk shall close the file.

IT IS SO ORDERED.

DATED: July 18, 2008

Marilyn Hall Patel
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ISHMAEL Z TURNER,

        Plaintiff,

  v.

WARDEN OF SAN QUENTIN et al,

        Defendant.
                                            /

Case Number: CV08-01226 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 18, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ishmael Z. Turner H-49812
San Quentin State Prison
San Quentin, CA 94974

Dated: July 18, 2008

                                      Richard W. Wieking, Clerk
                                      By: Anthony Bowser, Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ISHMAEL Z TURNER,

        Plaintiff,

  v.

WARDEN OF SAN QUENTIN et al,

        Defendant.
                                              /

Case Number: CV08-01226 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 18, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ishmael Z. Turner H-49812
San Quentin State Prison
San Quentin, CA 94974

Dated: July 18, 2008

                                  Richard W. Wieking, Clerk
                                  By: Anthony Bowser, Deputy Clerk